UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>JUSTIN WYKOFF, )<br>  )<br>Defendant, )<br>  )<br>  )<br>INDIANA PUBLIC RETIREMENT )<br>SYSTEM, )<br>  )<br>Garnishee-Defendant. ) | Cause No. 1:14-CR-00105-TWP-MJD-1 |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the United States Magistrate Judge for a hearing on the Request for Hearing filed by the Defendant, Justin Wykoff, (Docket Nos. 148, 155.) On November 3, 2015, the parties appeared for the hearing. The United States appeared by counsel, Josh Minkler, United States Attorney for the Southern District of Indiana, by Shelese Woods, Assistant United States Attorney. Defendant Justin Wykoff appeared telephonically and without counsel.

The Court makes the following findings, conclusions and recommendation:

On June 16, 2015, the United States District Court for the Southern District of Indiana entered Judgment in a criminal case against the Defendant, Justin Wykoff, ordering Wykoff to serve a term of incarceration and also imposing monetary penalties in the total amount of $447,435.26. The judgment included an order of restitution to the victim City of Bloomington in the amount of $446,335.26. As of the date of the hearing, the restitution judgment remains due

and owing.

The United States initiated garnishment proceedings against Defendant's property in the form of an account or accounts held by the Garnishee-Defendant, Indiana Public Retirement System (formerly known and referred to as "PERF"),[1] pursuant to 28 U.S.C. § 3205 of the Federal Debt Collections Procedures Act (28 U.S.C. § 3001, *et seq*.). The Writ of Garnishment was issued and the Garnishee-Defendant filed an Answer on or about September 28, 2015, stating that it possesses a PERF Annuity Savings Account and a pension benefit on behalf of Justin Wykoff.

28 U.S.C. § 3014 provides that a debtor to the United States may be entitled to claim exemptions as to certain property in response to a garnishment action.[2] The debtor may also, upon application to the court, "request a hearing on the applicability of any exemption claimed by the debtor." 28 U.S.C. § 3014(b)(2). The court shall then "determine the extent (if any) to which the exemption applies." *Id*. 28 U.S.C. § 3202(d) limits the nature of a hearing in a garnishment proceeding generally to the probable validity of any claim of exemption by the judgment debtor or to compliance with any statutory requirement for the issuance of a writ of garnishment. 28 U.S.C. § 3202(d).

After requesting a hearing, the debtor Justin Wykoff was duly heard. Mr. Wykoff did not raise or assert any statutory exemptions that apply to the property the United States seeks to garnish. Mr. Wykoff presented several arguments; however, none preclude the Court's entry of

---

[1] The United States also initiated a garnishment action as to American United Life Insurance Co. (AUL). AUL has not answered the garnishment and that action was not before the Court during the November 3, 2015, hearing.

[2] In summary, the exemptions are: wearing apparel and school books; fuel, provisions, furniture and personal effects; books and tools of a trade, business or profession; unemployment benefits; undelivered mail; annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of the United States Code; worker's compensation; judgments for support of minor children; certain service-connected disability payments; and assistance under Job Training Partnership Act. 18 U.S.C. § 3613; 26 U.S.C. § 6334.

garnishment. For example, Mr. Wykoff argued that the proceeds from two houses he forfeited through his plea agreement with the Government should be applied to his restitution amount. Mr. Wykoff admitted, however, that the combined value of the houses falls well below the outstanding restitution amount. Mr. Wykoff also argued that his former employer, the City of Bloomington, owed him for outstanding vacation hours and sick leave upon his termination. He again admitted, however, that the value of any such hours would not satisfy his restitution. Moreover, even if these funds are owed by the City of Bloomington, they do not impact Mr. Wykoff's criminal judgment and do not provide a statutory basis to preclude garnishing the PERF accounts at issue to be applied toward restitution.

Finally, to the extent Mr. Wykoff attempted to challenge the amount of the restitution ordered in this case or the apportionment of his joint and several liability, he cannot challenge his criminal conviction through this garnishment proceeding and has not identified any law of the United States that provides good cause to set aside the Judgment. *See* 18 U.S.C. §§ 3582(b) and (c); 18 U.S.C. § 3664(o)(1),(2); Fed. Rule Cr. P. 35(a) (seven day period for vacating judgment has passed and Defendant does not claim newly discovered evidence, arithmetic, technical, or other error, or clerical error). Moreover, Mr. Wykoff entered into a plea agreement with the United States through which he agreed that the loss to the City of Bloomington in this action was $446,335.26. (Docket 101, ¶ 12.)

In sum, Mr. Wykoff cited no applicable statutory exemption to this garnishment action nor other legal basis precluding the action. His objections are hereby overruled. The Court there recommends that the United States may proceed by filing its Motion for Entry of Final Order in Garnishment as to the PERF funds, and that there is no just cause why the Order should not be entered.

*[signature]*

DATED: November 13, 2015

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

All CM-ECF counsel of record

Justin Wykoff
Inmate # 12248-028
Federal Prison Camp
Maxwell Air Force Base
1001 Willow Street
Montgomery, AL   36112

Indiana Public Retirement System
One North Capitol, Suite 001
Indianapolis, IN 46204